UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 12-10015-WGY |
| ) | Violations: 18 U.S.C. § 371 |
| 1) GREGG D. CAPLITZ ) | (Conspiracy) |
| and ) | 26 U.S.C. § 7212(a) |
| 2) ROSALIND HERMAN, ) | (Impeding Administration of Internal |
| Defendants. ) | Revenue Laws) |
| ) | 26 U.S.C. § 7206(1) |
| ) | (Filing False Tax Return) |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times relevant to this Indictment:

1. Defendant GREGG D. CAPLITZ was a licensed Certified Financial Planner who resided at various times at 119 Marion Street Extension, in Wilmington, Massachusetts, and 120 Beacon Street, in Chelsea, Massachusetts.

2. CAPLITZ has long been in the business of selling life insurance and private placement investment products to various customers, for which sales CAPLITZ earns commissions. During tax years 2003 through 2008, the insurance companies and broker/dealers whose products CAPLITZ sold paid CAPLITZ a total of about $2.7 million in commissions and issued CAPLITZ Forms 1099-MISC for those payments.

3. Defendant ROSALIND HERMAN was an individual who resided at various times in Woburn, Massachusetts, and in Las Vegas, Nevada.

## The Corporate Entities

4.     Financial Resources Network, Inc. ("FRNI") was a financial services company, incorporated in Massachusetts in 1995, which, at different times, had principal places of business in Woburn and at CAPLITZ's Wilmington residence. HERMAN held various officer and director positions at FRNI.

5.     Financial Family Holdings ("FFH") was a limited liability company, which was organized in Nevada in 2002. FRNI was a wholly-owned subsidiary of FFH. HERMAN was the sole managing member of FFH.

6.     Financial Designing Consultants, Inc. ("FDCI") was incorporated in 2000 in Nevada. Its principal place of business was HERMAN's single-family residence in Las Vegas, Nevada. HERMAN held various officer and director positions and was sole shareholder of FDCI.

7.     The Knew Finance Experts, Inc. ("Knew Finance") was incorporated in 2002 in Nevada. Its principal place of business was HERMAN's single-family residence in Las Vegas, Nevada. HERMAN was at various times both a director and registered agent of Knew Finance.

8.     FRNI was a C-Corporation under the Internal Revenue Code and was required to file a U.S. Corporation Income Tax Return, Form 1120.

9.     FDCI and Knew Finance were S-Corporations under the Internal Revenue Code and were required to file U.S. Corporation Income Tax Returns, Form 1120-S. Designation as an S-corporation meant that corporate income, if any, was required to be reflected on HERMAN's individual return, Form 1040, as she was the sole shareholder of FDCI and Knew Finance.

10.    FRNI, FDCI and Knew Finance maintained one or more bank accounts, hereafter collectively referred to as "the corporate accounts."

## COUNT ONE
### (Conspiracy -- 18 U.S.C. § 371)

11. The Grand Jury re-alleges and incorporates by reference paragraphs 1-10 of this Indictment and further charges that:

12. From a date unknown but no later than in or about January 2003, and continuing until in or about August 2011, in the District of Massachusetts and elsewhere, the defendants,

GREGG D. CAPLITZ
and
ROSALIND HERMAN

conspired with each other, and with individuals both known and unknown to the grand jury, to defraud the United States and an agency thereof, that is, the Internal Revenue Service of the United States Department of Treasury ("IRS"), by impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of the revenue: to wit, income taxes.

### Objective of the Conspiracy

13. The object of the conspiracy was to divert CAPLITZ's commission income to FRNI, FDCI, and Knew Finance, for the benefit of CAPLITZ, HERMAN, and HERMAN's family, in a manner designed to prevent the IRS from assessing and collecting taxes on that income.

### Manner and Means of the Conspiracy

14. Throughout the existence of the conspiracy, CAPLITZ endorsed most of his commission checks over to one or another of the corporate entities and, along with HERMAN, caused the checks to be deposited into corporate accounts. Thereafter, HERMAN funneled some

of the commission income back to CAPLITZ directly and made payments from the corporate accounts for CAPLITZ's benefit, while also using the diverted commission income for personal expenses for herself and her family. CAPLITZ and HERMAN filed, and caused to be filed, false individual tax returns which did not accurately report CAPLITZ's commission income and the taxes due and owing on that income. CAPLITZ and HERMAN also filed, and caused to be filed, false corporate tax returns which reported a portion of CAPLITZ's commission income as corporate receipts and which claimed false business expenses to offset that income so little or no tax was paid.

## Overt Acts

15. In furtherance of their conspiracy and to accomplish its objectives, CAPLITZ and HERMAN performed numerous overt acts, including, but not limited to, the following:

16. On various dates between 2003 and 2008, CAPLITZ endorsed about 163 commission checks totaling $2,065,322, which were made payable to him, for deposit into one or another of the corporate accounts.

17. On various dates between 2003 and 2008, HERMAN also endorsed some of the commission checks referred to in paragraph 16, and caused all such checks to be deposited into one or another of the corporate accounts.

18. On various dates between 2003 and 2008, HERMAN issued about 265 checks to CAPLITZ from the corporate accounts totaling $319,484.

19. On various dates between 2003 and 2008, HERMAN issued about 45 checks from the corporate accounts to make a total of $66,742 in mortgage, credit card, and home equity payments on behalf of, and for the benefit of, CAPLITZ.

20. HERMAN failed to file with the IRS any W-2s or Forms 1099 reporting these payments to CAPLITZ.

21. On various dates during between 2003 and 2008, HERMAN issued checks from the corporate accounts to make mortgage payments on HERMAN's Las Vegas residence and for other personal expenses and to make payments to, or for the benefit of, her two sons, and other family members.

22. On or about the dates listed below, HERMAN and CAPLITZ filed, and caused to be filed, false corporate tax returns for FRNI and FDCI:

| Tax Year | Date FRNI Return Filed | Date FDCI Return Filed |
|---|---|---|
| 2003 | 2/12/07 | 10/31/05 |
| 2004 | 2/13/07 | not filed |
| 2005 | 2/20/07 | not filed |
| 2006 | not filed | 10/15/07 |
| 2007 | 8/1/11 | 8/1/11 |
| 2008 | 8/1/11 | 8/1/11 |

23. On or about the dates listed below, CAPLITZ filed false individual tax returns:

| Tax Year | Date Return Filed |
|---|---|
| 2003 | 6/29/05 |
| 2004 | 6/29/05 |
| 2005 | 3/16/09 |
| 2006 | 3/16/09 |
| 2007 | 3/16/09 |
| 2008 | 3/19/09 |

24. On or about the dates listed below, HERMAN filed, and caused to be filed, false individual tax returns:

| Tax Year | Date Return Filed |
|---|---|
| 2003 | 11/1/05 |
| 2004 | 2/6/07 |
| 2005 | 2/6/07 |
| 2006 | 10/15/07 |

5

2007                        8/10/11
2008                        8/10/11

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## (Corrupt Endeavor to Impede Administration
## of Internal Revenue Laws-26 U.S.C. § 7212(a))

25. The Grand Jury re-alleges and incorporates by reference paragraphs 1-10 and 13-24 of this Indictment and further charges that:

26. Beginning in or before January 2003, and continuing through in or about August 2011, in the District of Massachusetts, and elsewhere, the defendant

### GREGG D. CAPLITZ

corruptly obstructed and impeded the due administration of the internal revenue laws, and endeavored to do so, by: diverting commission income to the corporate accounts; filing false individual tax returns for tax years 2003 through 2008 that failed to report his actual gross receipts for each tax year and failed to identify the corporations to which his commission income had been diverted; and causing false corporate tax returns to be filed on behalf of FRNI and FDCI.

All in violation of Title 26, United States Code, Section 7212(a).

## COUNT THREE
### (Corrupt Endeavor to Impede Administration of Internal Revenue Laws-26 U.S.C. § 7212(a))

27. The Grand Jury re-alleges and incorporates by reference paragraphs 1-10 and 13-24 of this Indictment and further charges that:

28. Beginning in or before January 2003, and continuing through in or about August 2011, in the District of Massachusetts, and elsewhere, the defendant

### ROSALIND HERMAN

corruptly obstructed and impeded the due administration of the internal revenue laws, and endeavored to do so, by: depositing CAPLITZ's commission checks into the corporate accounts; issuing checks on the corporate accounts payable to CAPLITZ or for CAPLITZ's benefit; failing to file Forms W-2 or Forms 1099 reporting payments to CAPLITZ; failing to file corporate tax returns and filing corporate and individual tax returns late; and causing false corporate tax returns to be filed on behalf of FRNI and FDCI.

All in violation of Title 26, United States Code, Section 7212(a).

## COUNTS FOUR through EIGHT
### ( False Tax Return -- 26 U.S.C. § 7206(1))

29. The Grand Jury re-alleges and incorporates by reference paragraphs 1-10 and 13-24 of this Indictment as if set forth herein.

30. The Grand Jury further charges that:

31. On occasion, CAPLITZ deposited commission payments directly into his bank accounts, and cashed some commission checks, without endorsing any of those payments over to the corporate accounts.

32. Even though CAPLITZ received commission gross receipts totaling approximately $2.7million for tax years 2003 through 2007, he filed false individual federal tax returns reporting total gross receipts of about $189,000 for those years.

33. On or about the dates alleged below, in the District of Massachusetts,

GREGG D. CAPLITZ,

the defendant herein, did willfully make and subscribe U.S. Individual Income Tax Returns, Forms 1040, Schedule C, for the tax years identified below, which were verified by a written declaration that each return was made under the penalties of perjury and which were filed with the Director, Internal Revenue Service, which Returns defendant did not believe to be true and correct as to every material matter in that said Returns reflected his Schedule C gross receipts for each tax year as identified below, whereas, as defendant well knew, his actual gross receipts for each tax year substantially exceeded those amounts.

| Count | Date | Tax Year | Gross Receipts Reported |
|---|---|---|---|
| 4 | 6/29/2005 | 2003 | $41,400 |
| 5 | 6/29/2005 | 2004 | $41,400 |
| 6 | 3/16/2009 | 2005 | $41,400 |
| 7 | 3/16/2009 | 2006 | $41,400 |
| 8 | 3/16/2009 | 2007 | $23,400 |

All in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2(b).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_Sandra S. Bower_
SANDRA S. BOWER
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS       March __21__, 2012

Returned into the District Court by the Grand Jurors and filed.

_____  10:52 AM

DEPUTY CLERK