UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | No. 1:12-cr-10015-WGY-2 |
| **GREGG D. CAPLITZ, ET AL,** | |

### DEFENDANT ROSALIND HERMAN'S MOTION
### FOR CLARIFICATION OF COUNSEL

Undersigned counsel, Jeffrey A. Denner, respectfully moves for clarification of his status as counsel for the Defendant, Rosalind Herman, in the above-captioned matter. Undersigned counsel has become aware of, and concerned about, a potential conflict of interest related to his continued representation of Herman. As grounds, counsel states as follows:

1. Beginning in 2011, undersigned counsel's former law firm, Denner Pellegrino, LLP ("the Firm"), handled various civil matters in which defendant Gregg Caplitz ("Caplitz") or defendant Rosalind Herman ("Herman") were directly or indirectly jointly represented by the Firm. On April 9, 2013, Caplitz and Herman signed a "Waiver of Conflict of Interest" agreement (attached hereto as Exhibit A, and hereinafter "the agreement"). The purpose of the agreement was to allow "the law firm of Denner Pellegrino, LLP ("the Firm")[ to] represent both [Caplitz and Herman] jointly and severally in" the following civil and criminal matters currently pending against them: the above-captioned criminal matter; *New England Financial Independence Group, Inc. v. Jane Caplitz, et al.*, Docket No. SUCV2011-0087; and *John Collins, et al. v. Insurative Premium Finance Limited, et al.,* Docket No. SUCV2011-02504-BLS2. The agreement expressly recognized that there

1

was a "mutuality of interest in a common joint representation by the Firm with regard" to the civil and criminal matters pending against them because they "arise from alleged operative facts and circumstances concerning business services and agreements pertaining to" Herman and Caplitz.  The Firm represented Caplitz's and Herman's interest, relative to these civil cases pending against them, and Herman's criminal case in which Caplitz was her co-defendant, pursuant to a prior oral and written waiver of conflict of interest.  Undersigned counsel had limited involvement with these matters; aside from very rare meetings with Caplitz and Herman, undersigned counsel appeared on their behalf once in court relative to a non-substantive issue (a motion to continue). All of the civil matters against Caplitz and Herman that were subject to the agreement were either dismissed or settled in or around October, 2013.

2. On January 18, 2012, a grand jury returned an Indictment alleging that Caplitz filed false tax returns in violation of 26 U.S.C. § 7206(1).  *See* Dkt. # 1.  He was the only named defendant in the indictment and was represented by Federal Defender (now Magistrate Judge) Page Kelley ("Attorney Kelley").  However, shortly thereafter on March 21, 2012, a grand jury returned a Superseding Indictment which added defendant Rosalind Herman as a second defendant, and which alleges, *inter alia*, that she conspired with Caplitz to impede the administration of the Internal Revenue laws in violation of 18 U.S.C. § 371, and also charges Herman with a substantive count of impeding the administration of the Internal Revenue laws in violation 26 U.S.C. § 7212(a).  *See* Dkt. # 15.  On numerous occasions in 2012 and 2013, after Herman was added as a defendant to this case, undersigned counsel met with Herman, Caplitz, and Attorneys Kelley and Jane Peachy,

pursuant to an understanding/cooperation agreement, to discuss the pending criminal case.

3. To complicate matters, on March 15, 2013, the Securities and Exchange Commission ("SEC") filed a civil complaint naming Gregg Caplitz and Rosalind Herman, among others, as defendants. The civil complaint alleges that Caplitz and Herman committed violations of § 17(a) of the Securities Act of 1933, § 10(b) of the Securities Exchange Act of 1934, and § 206(1) of the Investment Advisors Act of 1940. Undersigned counsel referred Caplitz and Herman to Attorney Paul Andrews (of Neeland, Andrews & Levin LLC in Boston) who began representing them. Undersigned counsel had no involvement with the representation of either Caplitz or Herman relative to the SEC civil action.

4. On March 28, 2013, 13 days after the SEC filed its civil complaint, a grand jury returned a Second Superseding Indictment, which added allegations of investment advisor fraud in violation of 15 U.S.C. § 80(b)-6, 17, false filings with the SEC in violation of 15 U.S.C. § 78ff, and wire fraud in violation of 18 U.S.C. § 1343, all or most of which related to the conduct set forth in the SEC's civil complaint, against Caplitz and Herman. *See* Dkt. # 44.[1]

5. The concern underlying the instant motion came about when Caplitz entered a plea of guilty on April 3, 2014. The plea agreement entered into by Caplitz and the United States, which was submitted to the Court during Caplitz's Rule 11 hearing on April 3, calculates Caplitz's "total offense level" as 31. Dkt. # 133 at 3. Even at a Criminal History Category I, the guidelines range for a total offense level of 31 is 108-135 months. The plea agreement specifically states that, in exchange for Caplitz's cooperation,

---

[1] The Second Superseding Indictment was superseded once more on October 22, 2013. *See* Dkt. # 104.

presumably to testify against Herman, "the U.S. Attorney agrees that, at or before sentencing, the U.S. Attorney will file a motion under USSG §5K1.1" for a downward departure.  However, the plea agreement leaves it to the sole discretion of the U.S. Attorney to determine whether substantial assistance has actually been rendered by Caplitz.  Given the sentencing exposure Caplitz currently faces (a guidelines range of approximately 9-11 years), and the terms of his plea agreement, it is in Caplitz's best interest to lay blame at the feet of Herman when he testifies at trial.

6. Partly at our request, Caplitz's current attorney for the instant matter, Federal Defender Jane Peachy, had asked Caplitz of his view of undersigned counsel's continued representation of Herman.  Upon information and belief, Caplitz indicated that he shared with undersigned counsel, pursuant to the cooperation agreement/understanding between the defendants, confidential information in connection with, *inter alia*, the tax fraud allegations.  While undersigned counsel does not presently believe any such information was shared, he can only recall conclusory statements by Caplitz, i.e. that both he and Herman "are innocent."  Moreover, even if the information was substantive it was information that was shared with numerous other individuals outside the strict attorney-client context as well.

7. Based on the foregoing, undersigned counsel is now concerned that a conflict of interest may have arisen which will affect counsel's further representation of Herman in this matter.  Although Caplitz is a former client, his civil matters in Suffolk Superior Court have ended, and the open civil SEC matter was never undersigned counsel's case, undersigned counsel of course owes him certain duties and obligations imposed by the Rules of Professional Conduct.  Given that the SEC's civil matter is still currently

pending, any attempt to discredit Caplitz or shift the blame onto him at trial (which otherwise would not have been a trial tactic but for Caplitz's decision to testify against Herman pursuant to a cooperation agreement with the government) could negatively affect Caplitz's position in said civil matter.  Doing so may also affect the U.S. Attorney's decision to file a 5k1.1 Substantial Assistance motion for a downward departure for Caplitz.  This may be in violation of the ABA Rules of Professional Conduct.  *See* ABA Rules of Professional Conduct 1.9 ("A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.").

8. Finally, although the parties signed a waiver, the purpose of that agreement was to waive any potential conflicts of interest that existed at the time the agreement was executed.  *See* Ex. A at 3.  Accordingly, undersigned counsel avers that the agreement may not cover the informed consent/waiver requirements set forth in Rule 1.9, despite the fact that the decision to jointly defend the instant matter with Attorney Peachy may have waived any remaining possible conflicts of interest.

WHEREFORE, based on the foregoing, undersigned counsel, Jeffrey A. Denner, respectfully requests this Honorable Court clarify his status as counsel for defendant Rosalind Herman in light of the above-described conflict of interest that may have arisen.

Dated: August 28, 2014                                                    Respectfully submitted,
                                                                                          ROSALIND HERMAN
                                                                                          By and through her attorneys,

   /s/  *Jeffrey A. Denner*
Jeffrey A. Denner, BBO#120520
Jeffrey Denner & Associates, P.C.
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
Tel.:  (617) 227-2800
Fax:  (617) 973-1562
jdenner@dennerlaw.com

## Certificate of Service

I, Jeffrey A. Denner, hereby certify that on this the 28th day of August 2014, I caused a true copy of the foregoing *Defendant Rosalind Herman's Motion for Clarification of Counsel* to be served upon all necessary parties of record by e-mailing the same to all necessary parties registered with the CM/ECF system for this matter.

   /s/  *Jeffrey A. Denner*
Jeffrey A. Denner