# Waiver of Conflict of Interest

I. BACKGROUND

This Agreement, dated as of April 9, 2013, concerns the individual representation and/or defenses of Gregg Caplitz and Rosalind Hermann, (collectively "the Clients") with respect to the following matters:

> (1) representation of Rosalind Hermann and Gregg Caplitz in connection with the civil matter: *New England Financial Independence Group, Inc. v. Jane Caplitz, Jeffrey L. Caplitz, and Mildred Bernholtz*, now pending before the Suffolk County Superior Court, docket number SUCV2011-00877

> (2) representation of Gregg Caplitz as third party defendant in connection with the civil matter: John Collins, et al. v. Insurative Premium Finance (Jersey) Limited, et al. v. Gregg Caplitz, et al., now pending before the Suffolk County Superior Court, docket number SUCV2011-02504-BLS2.

> (3) representation of Rosalind Hermann in connection with charges currently pending before the U.S. District Court, District of Massachusetts, docket number: 1:12-cr-10015-WGY, to which Gregg Caplitz is a Co-defendant represented by the Federal Public Defender Office;

All three matters arise from alleged operative facts and circumstances concerning business services and agreements pertaining to Rosalind Hermann and Gregg Caplitz, and as such this Waiver appropriate.

Having been duly informed by the Firm of a possible conflict of interest between the Clients in connection with the referenced cases, the Clients voluntarily agree to a waiver of any conflicts or potential conflicts, and specifically request that the law firm of DENNER♦PELLEGRINO, LLP ("the Firm"), represent both of the Clients jointly and severally in each of their respective above-referenced matters. The Firm hereby agrees to the Clients' respective requests.

II. MUTUALITY OF INTEREST

The Clients believe that there is a mutuality of interest in a common joint representation by the Firm with regard to the matter (docket number SUCV2011-00877). As such, the Clients wish to continue to pursue their separate but common interests through representation by the Firm on the civil matter (docket number SUCV2011-00877) as well as in the criminal case in which this Firm represents Ms. Hermann individually (docket number: 1:12-cr-10015-WGY) and the civil case in which this Firm represents Mr. Caplitz (SUCV2011-02504-BLS2), but expressly decline, and to avoid any suggestions of, any waiver of the confidentiality of privileged communications, memoranda and documents, or any suggested waiver, in so doing. In other words, it is their express intention and understanding that any communications between them, either through the Firm or otherwise, and any joint interviews of prospective witnesses, remain confidential and protected from disclosure to any third party by attorney-client and attorneys' work-product privileges throughout the course of this joint representation in the civil matter (docket number SUCV2011-00877).

III. CONSENT AND OTHER RIGHTS

To this end, it is understood and agreed that information obtained by the Firm from either Rosalind Hermann or Gregg Caplitz shall remain confidential and shall be protected from disclosure to any third party except as provided herein. It is further understood and agreed that any documents exchanged between them, either through the Firm or otherwise, and the information contained therein, and any other confidences exchanged between them, shall be used solely in connection with the aforementioned matters described in § I. of this Agreement. The Clients further agree that neither will disclose Defense Materials received from each other or through the Firm, or the contents thereof, to anyone except those parties expressly authorized by the Firm to receive such materials, without first obtaining the consent of all parties who may be entitled to claim any privilege with respect to such materials.

## IV. JOINT DEFENSE DOCTRINE

Despite their joint representation, the Firm will continue to pursue and represent each of the Clients' individual best interests in their respective matters. The Firm currently believes that no apparent conflict exists in connection with the Clients' joint representation and that there are no impediments to pursuing each client's individual best interests by virtue of the same. However, to the extent that there could, in fact, be a conflict, said conflict is expressly waived, and it is understood that all work performed by the Firm, its attorneys, employees and agents with regard to its representations and communications to either Rosalind Herman or Gregg Caplitz or both in connection with these representations shall be accomplished pursuant to the work product and the attorney-client privilege.

## V. CHANGED CIRCUMSTANCES

In the event any party decides to withdraw from this Agreement for any reason, that party shall immediately notify the Firm in writing, of that party's withdrawal from this Agreement, which will thereupon be terminated as to that party; provided, however, that no such termination shall effect or impair the obligations of confidentiality with respect to materials previously furnished pursuant to this Agreement. Further, any party, upon withdrawal, shall return all materials provided by the other parties hereto.

## VI. LIMITATION OF DUTIES AND CONFLICTS

The Clients have been advised, and have agreed, that the Firm does not represent any other parties involved in those matters listed in § I. of this Agreement. The Clients have been advised, and have agreed, that the Firm will be acting only as the attorney for its client in each action and will owe a duty of loyalty only to its client. Each client has agreed to knowingly and intelligently waive any conflict of interest that may arise from the Firm examining them at any proceeding.

## VII. CONTINUANCE OF AGREEMENT

This Agreement shall continue in effect notwithstanding any conclusion or resolution as to any of the matters listed in § I. of this Agreement or proceedings arising from or relating to any of them. The Clients agree that they will continue to be bound by this Agreement following any such conclusion or resolution.

## XII. NON WAIVER

Any waiver in any particular instance of the rights and limitations contained herein shall not be deemed, and is not intended to be, a general waiver of any rights or limitations contained herein and shall not operate as a waiver beyond the particular instance at issue.

## XIII. EXPLANATION AND MODIFICATION

By signing this Agreement, Rosalind Herman and Gregg Caplitz certify that the contents of this Waiver of Conflict of Interest have been explained to them, and that they agree to abide by the understandings reflected in the Agreement. Any modifications of the Agreement must be in writing and signed by all parties.

The foregoing is agreed to by the following parties as of the date first written above.

By: _____  By: _____
    Rosalind Herman                       Gregg Caplitz

APPROVED: _____
DENNER♦PELLEGRINO, LLP
4 Longfellow Place, 35th Floor
Boston, Massachusetts 02114
Tel:  (617) 227-2800
Fax:  (617) 973-1562