UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 12-10015-WGY |
| | ) | |
| GREGG D. CAPLITZ, | ) | |
| ROSALIND HERMAN, | ) | |
|   Defendants | ) | |
| | ) | |

## UNITED STATES' MOTION TO CONTINUE PRETRIAL CONFERENCE AND MOTION HEARING

The United States hereby moves to continue the pretrial conference and motion hearing on the motion to sever which is currently set for September 22, 2014. The United States requests this continuance first because the undersigned AUSA will be out of the country on vacation on that date, and thus requests that the conference and hearing be moved until the following week at a minimum. However, in light of the Defendant Rosalind Herman's counsel's conflict of interest, the United States expects that it will be necessary for new counsel to be appointed and thus this pretrial conference and hearing should be put off until new counsel can be appointed and prepared to handle the matters.

The undersigned AUSA will be in Canada on vacation from September 18th through the 28th. The second government attorney who was previously assigned to this matter is no longer in the tax division because he has accepted a job with the United States Attorney's Office for the District of Maryland and thus not available to cover the pretrial conference/hearing. Accordingly, the United States respectfully requests that this conference, if it is appropriate to hold during this time period, be rescheduled to a time the week of September 29th or thereafter.

Moreover, in light of the conflict of Defendant Herman's counsel, the United States submits that it is unrealistic to think this case will be able to be tried with new counsel on October 20, 2014, the current scheduled trial date.  The United States therefore requests that the Court appoint new counsel for Ms. Herman as soon as possible and reschedule the trial to a realistic date so that the court, the victims, witnesses and counsel can all schedule accordingly.

The United States submits that the conflict raised by Ms. Herman's counsel does require that Mr. Denner withdraw as counsel and new counsel be appointed for Ms. Herman.  Mr. Denner previously has represented both defendant Rosalind Herman and co-defendant Gregg Caplitz.  Mr. Caplitz has now pleaded guilty and is cooperating in this matter and the Government expects to call him as a witness for the United States in the trial of this matter, which is currently scheduled for October 20, 2014.

Mr. Caplitz's attorney has notified the United States and Mr. Denner that Mr. Caplitz believes it would be a conflict for Mr. Denner to cross-examine Mr. Caplitz.  The United States submits that under Massachusetts Rule of Professional Conduct 1.9(a), Mr. Denner cannot represent Ms. Herman in this matter, since he had formerly represented a client in the same or a substantially related matter in which Ms. Herman's interests are now materially adverse to the interests of Mr. Caplitz.  Rule 1.9 Conflict of Interest:  Former Client provides:

> (a) A lawyer who had formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

The United States understands that Mr. Denner represented both Mr. Caplitz and Ms. Herman in substantially related civil litigation, including about insurance transactions which are central to the counts of the indictment and also participated in joint defense agreement and

numerous meetings in this criminal action. The United States submits that it is likely that there were meetings where the facts relating to this matter, including the hedge fund and the business relationship between Ms. Herman and Mr. Caplitz, were discussed. All of these privileged communications could be directly relevant to the matters in this trial.

The United States also understands that Mr. Caplitz does not agree to waive this conflict and has notified Mr. Denner of this fact. In light of the fact that Mr. Caplitz is apparently currently unwilling to waive this conflict, the United States submits that Mr. Denner cannot represent Ms. Herman in this trial. The United States therefore suggests that new counsel be expeditiously appointed so that the new counsel can begin to learn this case and a new realistic trial date can be established.

Counsel for Defendant Gregg Caplitz has assented to this Motion. Counsel for Ms. Herman has not yet responded as to his position.

Wherefore, the United States requests that the pretrial conference/motion hearing be continued at a minimum and if new counsel must be found for Ms. Herman, that the current trial date be continued until an appropriate date.

        Respectfully submitted

        CARMEN M. ORTIZ
        UNITED STATES ATTORNEY

Date:   September 8, 2014        By:   /s/ Sara M. Bloom
        SARA M. BLOOM
        Assistant U.S. Attorney
        U.S. Attorney's Office
        One Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3265

## Certificate of Service

      I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on September 8, 2014.

                                              */s/   Sara M. Bloom*
                                              SARA M. BLOOM